IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| Laura Venegas, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| Saishri Inc., Maitali Patel, and Tejas Patel | ) |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**Now Comes** Plaintiff Laura Venegas ("Plaintiff"), by attorneys, Daniel I. Schlade and James M. Dore, and in complaining against Defendants Saishri Inc., Maitali Patel, and Tejas Patel, (collectively be referred to as "Defendants") and in support of this Complaint, state:

### Introduction and Parties

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law (820 ILCS 105/1, *et seq*) ("IMWL") for Defendants' failure to pay overtime wages owed.

2. Plaintiff is a resident of Cook County, Illinois; she was formerly employed by Defendants.

3. Defendant Saishri is a restaurant and an Illinois corporation that is headquartered and conducts business in Schaumburg, Illinois; during relevant periods, it employed three or more employees.

4. Defendant Maitali Patel is a manager, the President, and an owner of Saishri. On information and belief, s/he is a resident of Cook County, Illinois.

5. Defendant Tejas Patel is a manager, the Secretary, and an owner of Saishri . On information and belief, s/he is a resident of Cook County, Illinois.

### Jurisdiction And Venue

1

6.      The Court possesses subject matter jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and possesses subject matter jurisdiction over any state law claims pursuant to 28 U.S.C. §1367.

7.      Venue is proper in the Northern District of Illinois because all underlying facts and transactions occurred in Cook County, Illinois; and on information and belief, all parties to this lawsuit are residents of Cook County, Illinois.

### Facts Common To All Claims

8. At all relevant times, Plaintiff was Defendants' "employee" as that term is defined in the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance; Plaintiff does not fall into any of the exceptions or exemptions for workers under the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance.

9.      Defendant Saishri is an "employer" as that term is defined in Section 203 of the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance, as it is a privately-owned for-profit entity.

10.     Defendant Maitali Patel is an "employer" as that term is defined in Section 203 of the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance, because: (1) s/he was Plaintiffs' boss at Saishri ; (2) s/he had the power to hire and fire the employees, including Plaintiffs; (3) s/he supervised and controlled Plaintiffs' work schedules and conditions of employment; (4) s/he determined the rate and method of payment for employees; and (5) s/he maintained employment records.

11.     Defendant Tejas Patel is an "employer" as that term is defined in Section 203 of the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance, because: (1) s/he was Plaintiffs' boss at Saishri ; (2) s/he had the power to hire and fire the employees, including Plaintiffs; (3) s/he supervised and controlled Plaintiffs' work schedules and

conditions of employment; (4) s/he determined the rate and method of payment for employees; and (5) s/he maintained employment records.

### Count 1 – Violation(s) of FLSA – Plaintiff v. Defendants

12. Plaintiff reincorporates by reference Paragraphs 1 through 11, as if set forth in full herein for Paragraph 12.

13. Plaintiff began working at Defendant Saishri in or about 2015, and her last day of work was on or about July 7, 2021.

14. At all times, Plaintiff worked in food preparation and/or as a cashier for Defendants.

15. Plaintiff did not receive tips in his role as a food preparation worker and chef.

16. During her employment, Plaintiff worked on average fifty-eight (58) hours per work week as an employee for Defendants.

17. While employed by Defendants, for each hour worked, Plaintiff was paid $9.25 per hour in 2018; $10.00 per hour in 2019, and $10.00 per hour in 2020, $11.00 per hour in 2021 and paid on a bi-weekly basis.

18. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of her performance.

20. Throughout the course of his/her employment with Defendants, and in the three (3) years prior to the filing this Complaint, Defendants scheduled and directed Plaintiff to work in excess of forty (40) hours per week, every week that Plaintiff worked for Defendants; and Plaintiff did in fact work in excess of forty-hours for each work week.

21. Defendants did not pay Plaintiff not less than one and a half (1.5) times the mandated regular rate at which she was employed during the hours worked in excess of forty (40) hours per week.

22. On information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked; and Defendants' failure and refusal to pay Plaintiff proper minimum

wages and/or overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

23. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $13,438.80 in unpaid overtime and minimum wages; (ii) and liquidated damages of $13,438.80 and (iii) Plaintiff's attorney's fees and costs, to be determined; and (iv) for all other just relief.

**WHEREFORE**, Plaintiff Laura Venegas respectfully requests that the Court enter a judgment in her favor and against Defendants Saishri Inc., Maitali Patel, and Tejas Patel, jointly and severally, for:

A. The amount of unpaid minimum wages and unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $13,438.80;

B. An award liquidated damages in an amount equal to at least $13,438.80;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

### Count 2 – Violation of IMWL – Plaintiff v. Defendants

25. Plaintiff reincorporates by reference Paragraphs 1-23 of Count 1, as if set forth in full herein for Paragraph 23.

26. This count arises from Defendants' violation of the IMWL, by failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

27. Defendants directed Plaintiff to and did work as an employee, but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

28. Plaintiff was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

29. Defendants did not pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks.

30. Defendants' failure to pay Plaintiff the Illinois-mandated minimum wage rate for all hours worked in individual work weeks is a violation of the IMWL.

31. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

**WHEREFORE**, Plaintiff Laura Venegas respectfully requests that the Court enter a judgment in his favor and against Defendants Saishri Inc., Maitali Patel, and Tejas Patel, jointly and severally, for:

A. The amount of wages worked by Plaintiff for which she was not paid minimum wages, totaling at least $13,438.80;

B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional or alternative relief as this Honorable Court deems just and proper.

s/ James M. Dore

**James M. Dore/ Dore Law Offices LLC (ARDC# 6296265)**
**Daniel I. Schlade (ARDC No. 6273008)**
*Attorneys for Plaintiffs*
134 N. LaSalle, Suite 1208
Chicago, IL 60602

5

P: 312-726-8401
E: james@dorelawoffices.com; jmdore70@sbcglobal.net
danschlade@gmail.com

**Plaintiffs request trial by jury for all counts where allowed**